UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN PATRICK LAUGHNER     Plaintiff, | : : : | |
| | : | No. 17-cv-00300 (VLB) |
| v. | : : | |
| ACTING COMMISSIONER OF SOCIAL SECURITY,     Defendant. | : : : : : : | January 10, 2023 |

## RULING AND ORDER ON MOTION FOR ATTORNEY'S FEES [DKT. 26]

Plaintiff Shawn Patrick Laughner filed this Social Security Action in February 2017 after having been denied disability insurance benefits. Defendant Acting Commissioner of Social Security, currently Kilolo Kijakazi, moved to voluntarily remand the case under "sentence four" of 42 U.S.C. § 405(g). Once remanded, Laughner ultimately received a favorable resolution on July 19, 2019. Before the Court is Plaintiff Shawn Patrick Laughner's Motion for Attorney's Fees. For the following reasons, the Court DENIES the motion.

A brief background of relevant procedure is necessary. The Court remanded the case on December 21, 2017. [*See* Dkt. 21.] On April 1, 2019, the Social Security Administration ("SSA") mailed Laughner a letter informing him of his entitlement to monthly disability benefits beginning March 2017. [*See* Dkt. 27-1 (Def.'s Opp'n to Mot. Attorney Fees Ex. A, SSA Ltr. 4/1/19).] This letter contained a paragraph informing Laughner that the SSA would be withholding $6,884.38—i.e., 25% of base due benefits—to pay for approved attorney's fees. [*See id.* at 2-3.] On July 19,

1

2019, the administrative law judge issued an amended fully favorable decision. [*See* Dkt. 26 ¶ 2.] On November 25, 2019, the SSA issued another letter informing Laughner that $6,884.38 had been withheld for attorney's fees. [*See id.* ¶ 3.] Attorney Ivan Katz thereafter filed this motion for attorney's fees 15 days later on December 10, 2019. The SSA opposes this motion and argues it is untimely according to the Second Circuit's decision in *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019).

There is a circuit split as to how to calculate the filing deadline for attorney's fees motions in "sentence four" remands. Specifically, appellate courts disagree as to whether Rule 54 or Rule 60 of the Federal Rules of Civil Procedure sets the filing period. Rule 54 requires a motion for attorneys' fees to "be filed no later than 14 days after the entry of judgment," Fed. R. Civ. P. 54(d)(2)(B), whereas Rule 60 permits relief from a "final judgment, order, or proceeding" within "a reasonable time," Fed. R. Civ. P. 60(b), (c)(1). The Second Circuit determined in *Sinkler* that Rule 54 applies, meaning § 406(b) attorney's fee motion must "be made within fourteen days of 'judgment,' defined to include 'any order from which an appeal lies.'" *See id.* at 87 (citing Fed. R. Civ. P. 54(a), (d)(2)(B)(i). It acknowledged, however, that the Commissioner takes months (or more) to calculate the past-due benefits and attorney's fees, so the 14-day deadline is impossible to meet absent equitable tolling. *See id.*

The Second Circuit landed on the following statute of limitations rule: an award of attorney's fees "is subject to the fourteen-day filing limitation of Rule 54(d)(2)(B) once a party receives notice for a benefits calculation following a

sentence four remand judgment." *Id.* at 89. It caveated that the 14-day period "is not absolute" and that "district courts are empowered to enlarge that filing period where circumstances warrant" in particular cases. The Second Circuit upheld the lower court's ruling—that the plaintiff's six-month-late attorney's fees motion was untimely—on the grounds that the plaintiff's lawyer failed to present any facts explaining the delay. *See id.* 91.

Here, Petitioner's counsel does not address the *Sinkler* 14-day filing limitation. Rather, counsel focuses instead on explaining why the $6,884.38 requested fee is reasonable. After Respondent raised the statute of limitations issue—explaining that Petitioner failed to file the motion for attorney's fees within 14 days of the date the parties received notice of the benefits calculation (i.e., April 1, 2019)—Petitioner's counsel did not respond. Because counsel did not respond, the Court is not aware of any circumstances that warrant enlarging the filing period past April 15, 2019. Therefore, the Court finds the request for attorney's fees are untimely and not warranted. This motion is DENIED.

                IT IS SO ORDERED

                _____

                Hon. Vanessa L. Bryant
                United States District Judge

Dated at Hartford, Connecticut: January 10th, 2023